IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

JUSTIN HIGGINS

      Plaintiff,

v.                                            CIVIL ACTION NO.:

                                              JURY TRIAL DEMANDED

PETTICOAT-SCHMITT CIVIL
CONTRACTORS, INC.

      Defendant.
_____/

## COMPLAINT

**COMES NOW** Plaintiff Justin Higgins ("Plaintiff" or "Mr. Higgins"), by and through the undersigned counsel, and hereby files this Complaint against Defendant Petticoat-Schmitt Civil Contractors, Inc. ("Defendant" or "PSCC") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Families First Coronavirus Response Act, 116 P.L. 127, 134 Stat. 178 (2020) ("FFCRA"), and the Emergency Paid Sick Leave Act, 116 P.L. 127, 134 Stat. 178, Sections 5101-5111 (2020) ("EPSLA"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Mr. Higgins is an adult male who currently resides in Yulee, Florida.

2. Defendant is a Florida profit corporation with its headquarters and principal place of business in Jacksonville, Florida. Defendant does business in the State of Florida, including Duval County.

3. Defendant is a construction contracting company engaged in commerce providing

commercial and industrial construction services, and Defendant's employees regularly sell, handle, or otherwise work on goods or materials that have been moved or produced for commerce.

4. Defendant is an entity and enterprise that is engaged in providing services for commerce, or in an industry or activity affecting commerce.

5. Defendant's annual gross sales volume exceeds $500,000 per year.

6. Defendant is a private entity that employs more than 50, but less than 500 employees.

7. At all times relevant herein Defendant is a covered employer within the meaning of the FLSA, FFCRA and EPSLA.

8. At all times relevant herein, Mr. Higgins was an "employee" within the meaning of the FLSA, FFCRA, and EPSLA.

9. This Court has jurisdiction over Mr. Higgins' claims pursuant to 28 U.S.C. § 1331.

10. The allegations in this Complaint primarily involve acts and occurrences while Mr. Higgins was employed by Defendant in Duval County, Florida. Accordingly, venue is proper within the United States District Court for the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1391(b).

## FACTS GIVING RISE TO RELIEF

11. Mr. Higgins was employed by Defendant as a project manager from approximately September 1, 2020, until his termination on December 17, 2020.

12. Mr. Higgins was employed by Defendant as a full-time employee.

13. Mr. Higgins reported to, and was supervised by, Lauren Atwell, Defendant's Chief Operating Officer.

14. At all times relevant herein, Mr. Atwell acted as an employee and agent of Defendant.

15. On or about December 4, 2020, Mr. Higgins notified Mr. Atwell that he was unable to work due to leave needed because he had been advised by his healthcare provider to self-quarantine as a result of a positive COVID-19 test.

16. Mr. Higgins further provided Mr. Atwell a note from his healthcare provider that he would need to self-quarantine for 10 days, and may return to work on December 14, 2020, if at that time he did not have a fever for 24 hours, and his symptoms had improved.

17. Mr. Higgins requested, and took paid sick leave during the time that he was self-quarantining and experiencing COVID-19 related symptoms.

18. On or about December 14, 2020, Mr. Higgins notified Defendant via a note from his healthcare provider that although he was recovering from COVID-19, that he was still symptomatic and that he should remain out of work until his symptoms subsided and his test results were negative.

19. On or about December 15, 2020, Mr. Higgins notified Defendant that he tested negative for COVID-19, but that because he was still experiencing COVID-19 symptoms, his healthcare provider requested that he remain out of work until December 17, 2020.

20. On December 17, 2020, Mr. Higgins' employment with Defendant was unexpectedly terminated by Mr. Atwell.

21. At the time of Mr. Higgins' termination, Mr. Atwell inferred that Mr. Higgins had

taken too much leave associated with his recent absences.

22. As a result of Defendant's unlawful acts and practices, Mr. Higgins has suffered and continues to suffer damages.

23. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA, FFCRA, and EPSLA.

24. All conditions precedent to bringing this action have been satisfied, waived or excused.

25. This Complaint is timely filed.

## COUNT I
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), the Families First Coronavirus Response Act, 116 P.L. 127, 134 Stat. 178, and Emergency Paid Sick Leave Act,-Retaliation)

26. Mr. Higgins restates and realleges each and every factual allegation contained in paragraphs 1 through 25 of this Complaint with the same force and vigor as if set out here in full.

27. Defendant unlawfully retaliated against Mr. Higgins by terminating his employment in violation of the FLSA, FFCRA, and EPSLA.

28. Mr. Higgins engaged in protected activity by requesting and taking paid sick leave under the FLSA, FFCRA, and EPSLA.

29. Defendant and its agents and employees were aware of Mr. Higgins protected activity.

30. Defendant and its agents and employees subjected Mr. Higgins to materially adverse employment action, to wit: discharge from employment, because of Mr. Higgins' protected activity pursuant to the FLSA, FFCRA, and EPSLA.

31. Any non-retaliatory reason proffered by Defendant for the adverse employment action taken is merely pretext for unlawful retaliation.

32. The acts and omissions committed by Defendant and its agents and employees were willful.

33. As a direct and proximate result of Defendant's unlawful retaliation, Mr. Higgins has suffered and will continue to suffer: lost wages in the form of lost back pay and lost front pay, lost benefits and entitlements, loss of earning capacity, damage to his career and reputation, personal humiliation, mental anguish, emotional distress, and loss of enjoyment of life.

34. Mr. Higgins has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant is liable pursuant to the statutory provisions under the FFCRA, EPSLA, and FLSA (29 U.S.C. § 216).

**WHEREFORE**, Plaintiff Justin Higgins demands judgment against Defendant for damages and equitable relief including but not limited to, lost back pay, lost front pay, lost benefits, lost earning capacity, and any other lost economic damages; non-economic damages including emotional distress and mental anguish, damages to career and reputation, personal humiliation, and loss of enjoyment of life; liquidated damages; reinstatement; attorney's fees and costs under the FFCRA, EPSLA, and FLSA (29 U.S.C. § 216); prejudgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff Justin Higgins hereby demands a jury trial on all claims so triable.

Dated this 30th day of December, 2020.

        Respectfully submitted,

        The Law Office of Shands M. Wulbern, P.A.

By: /s/ Shands M. Wulbern
    Shands M. Wulbern
    Florida Bar No. 0155217
    3063 Hartley Road, Suite 5
    Jacksonville, Florida 32257
    (904) 570-9233
    swulbern@wulbernlaw.com

*Trial Counsel for Plaintiff*